UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**ELIZABETH MORTON, KEVIN O'BRIEN, and CHRISTOPHER CRAWLEY**, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**DTIQ TECHNOLOGIES, INC.**,

Defendant.

Case No. 1:25-cv-12271-ADB

Honorable Allison D. Burroughs

**JOINT PROPOSED CASE SCHEDULE AND RULE 26(F) REPORT**

Pursuant to the Court's September 23, 2026, Order (Doc. 31) and Federal Rule of Civil Procedure 26(f), the Parties jointly submit the following proposed case schedule and report of their planning meeting pursuant to Rule 26(f). Counsel for the Parties conferred pursuant to Rule 26(f) on October 2, 2026 and consent to the Court setting a schedule based on this written submission.

**1. Nature of Claims and Defenses**

Plaintiffs allege that Defendant experienced a cybersecurity incident between December 31, 2024, and January 12, 2025 (the "Incident") that resulted in the unauthorized access to the highly sensitive personal information of Defendant's current and former employees, causing Plaintiffs and the proposed Class injuries. Doc. 17.

Defendant denies that its conduct (alleged or otherwise) gives rise to the claims asserted and denies any and all liability. Defendant further denies that Plaintiffs or any putative class member suffered any cognizable injury or damages caused by the Incident, and denies that this action may be maintained as a class action under Fed. R. Civ. P. 23.

Defendant filed a motion to dismiss Plaintiffs' Amended Complaint, which was granted in part and denied in part, with Plaintiffs' claims for damages under theories of negligence and unjust enrichment proceeding. Doc. 30 at 21.

**2. Possibilities for Promptly Settling or Resolving the Case**

The Parties have discussed resolution and will continue to confer regarding the possibility of early resolution, including through private mediation if appropriate.

**3. Initial Disclosures Under Rule 26(a)(1)**

The Parties agree to exchange initial disclosures by October 16, 2026, or within 14 days after the Rule 26(f) conference pursuant to Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure.

**4. Preservation of Discoverable Information**

The Parties have discussed preservation of discoverable information and confirmed they have taken reasonable steps to preserve discoverable information in their possession, custody or control.

**5. Proposed Discovery Plan**

**a. Timing, form, or requirement for disclosures under Rule 26(a)**

The Parties agree to exchange initial disclosures as set forth in Section 3 above.

**b. Subjects on which discovery may be needed**

Generally, the Parties anticipate that discovery will be needed regarding the facts and circumstances surrounding the alleged Incident, matters related to class certification, Plaintiffs' standing, Plaintiffs' alleged injuries, Defendant's defenses, and potential damages.

**c. Deadline to complete discovery**

The Parties propose that fact discovery close, subject to the provision in Section 6 addressing any additional discovery, 90 days after a ruling on Plaintiffs' motion for class certification.

**d. Phasing of discovery**

As set forth in Section 6, class certification expert discovery and briefing will precede merits expert discovery and dispositive motions. However, fact discovery will not be bifurcated or phased. Nothing herein waives any Party's right to seek relief under the Federal Rules of Civil Procedure regarding the scope or sequence of particular discovery.

**e. Disclosure, discovery, or preservation of electronically stored information**

The Parties intend to submit a stipulated ESI protocol and an agreed protective order for entry by the Court on or before November 2, 2026.

**f. Claims of privilege or protection as trial-preparation material**

The Parties will address claims of privilege and protection of confidential information. in their stipulated ESI protocol and agreed protective order.

**g. Limitations on discovery**

The Parties agree to follow the discovery limitation set forth in the Federal Rules of Civil Procedure and Local Rule 26.1(c), under which each side (with Plaintiffs collectively constituting one side) is limited to 10 depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production. The Parties do not propose any changes to these limitations at this time.

**h. Any other orders**

None.

**6. Proposed Case Schedule**

| **Event** | **Date** |
|---|---|
| Rule 26(a) Initial Disclosures | Within 14 days after the Rule 26(f) conference; i.e., October 16, 2026 |
| Stipulated ESI protocol and agreed protective order, | November 2, 2026 |
| Deadline to join additional parties and amend pleadings | December 18, 2026 |
| Plaintiffs' motion for class certification and disclosure of class certification expert reports | July 7, 2027 |
| Depositions of Plaintiffs' class certification experts completed | August 20, 2027 |
| Defendant's opposition to motion for class certification, class certification expert reports, and *Daubert* motions regarding Plaintiffs' class certification experts | October 7, 2027 |
| Depositions of Defendant's class certification experts completed | November 2, 2027 |
| Plaintiffs' reply in support of motion for class certification, oppositions to Defendant's *Daubert* motions, and *Daubert* motions regarding Defendant's class certification experts | November 19, 2027 |
| Defendant's oppositions to Plaintiffs' *Daubert* motions and replies in support of Defendant's *Daubert* motions | December 7, 2027 |
| Fact discovery deadline | 90 days after an order on Plaintiffs' motion for class certification |
| Status conference | At the Court's convenience following the close of fact discovery |
| Plaintiffs' merits expert reports | 120 days after an order on Plaintiffs' motion for class certification |
| Defendant's merits expert reports | 150 days after an order on Plaintiffs' motion for class certification |
| Plaintiffs' rebuttal merits expert reports | 180 days after an order on Plaintiffs' motion for class certification |
| Close of expert discovery | 180 days after an order on Plaintiffs' motion for class certification |
| Dispositive motions, including *Daubert* motions related to merits experts | 200 days after an order on Plaintiffs' motion for class certification |

Dated: October 2, 2026

*<u>/s/ Raina C. Borrelli</u>*
Raina C. Borrelli (*pro hac vice*)
raina@straussborrelli.com
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109

*Attorneys for Plaintiffs and the Proposed Class*

Dated: October 2, 2026

*<u>/s/ Christopher R. Deubert</u>*
Christopher R. Deubert
CONSTANGY, BROOKS,
SMITH & PROPHETE LLP
800 Boylston St., Suite 1005
Boston, MA 02199
Telephone: (617) 849-7880
cdeubert@constangy.com

Rob Yang (*Pro Hac Vice* anticipated)
601 Montgomery Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 918-3000
ryang@constangy.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that on October 2, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 2nd day of October, 2026.

STRAUSS BORRELLI PLLC

By: */s/ Raina C. Borrelli*

Raina C. Borrelli
raina@straussborrelli.com
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N Michigan Avenue, Suite 1610
Chicago IL, 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109