UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELIZABETH MORTON, KEVIN O'BRIEN, and CHRISTOPHER CRAWLEY on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>DTIQ TECHNOLOGIES, INC.,<br><br>*Defendant.* | Civil Action No.: 1:25-cv-12271-ADB |

**DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED CLASS ACTION COMPLAINT**

Defendant DTiQ Technologies, Inc. ("DTiQ" or "Defendant"), by and through its undersigned counsel, hereby asserts the following Answer and Affirmative Defenses in response to the October 23, 2025 Amended Class Action Complaint (ECF No. 17) filed by Plaintiffs Elizabeth Morton, Kevin O'Brien and Christopher Crawley (the "Amended Complaint" or "Complaint"). DTiQ incorporates the headings of the Complaint for reference only, and except as expressly admitted below, denies the claims and allegations of the Complaint.[1]

In its September 21, 2026 Memorandum and Order (ECF No. 30) (the "Order"), the Court granted in part and denied in part DTiQ's Motion to Dismiss the Amended Complaint. The Court dismissed Plaintiffs' request for equitable relief, including injunctive relief, for lack of standing; dismissed the Second Claim for Relief (negligence per se), the Third Claim for Relief (breach of implied contract), and the Fifth Claim for Relief (invasion of privacy, including under M.G.L. c.

[1] The Complaint's paragraph numbering is irregular. It contains no paragraphs numbered 134 through 186 and repeats paragraph numbers 187 through 219. DTiQ's responses follow the Complaint's numbering and, for the repeated paragraphs in the Third through Fifth Claims for Relief, identify the claim in which the paragraph appears.

214, § 1B) for failure to state a claim; and allowed only Plaintiffs' claims for damages for negligence (First Claim for Relief) and unjust enrichment (Fourth Claim for Relief) to proceed. (Order at 9–10, 13–21.)

Allegations of the Complaint that relate solely to dismissed claims or dismissed forms of relief require no response; to the extent a response is deemed required, they are denied. Nothing in this Answer is an admission that any dismissed claim or form of relief remains in this action. The Order addressed only the sufficiency of the pleadings, and DTiQ preserves all of its defenses, including those addressed in the Order, for determination on the evidence. For its Answer and Affirmative Defenses, DTiQ states as follows as to each corresponding numbered paragraph of the Complaint:

## INTRODUCTION

1. DTiQ denies the allegations of paragraph 1, except admits that it is a technology company headquartered in Marlborough, Massachusetts and that it was the victim of a criminal cybersecurity attack through which a portion of its network may have been accessed by an unauthorized party between December 31, 2024 and January 12, 2025 (the "Incident"); and that it reported to the Office of the Maine Attorney General that approximately 4,693 people may have been affected by the Incident.

2. DTiQ admits that it became aware of the Incident on January 12, 2025, when it identified unusual activity on its network and immediately began an investigation, and otherwise incorporates by reference its Response to paragraph 1 with regard to the Incident. DTiQ denies the remaining allegations of paragraph 2, including that any unauthorized party had "unfettered access" to its systems.

3. DTiQ admits that its investigation determined that personal information of certain individuals may have been accessed by an unauthorized party, and that, depending on the individual, such information may have included data elements identified in the notice letters sent to potentially affected individuals. DTiQ otherwise incorporates by reference its Response to paragraph 1 with regard to the Incident and denies the remaining allegations of paragraph 3.

4. DTiQ denies the allegations of paragraph 4, except admits that in or about July 2025, it began sending notices to individuals potentially affected by the Incident, and that Exhibit A to the Amended Complaint appears to be a copy of a form of notice letter dated July 25, 2025.

5. DTiQ admits that notices concerning the Incident were sent to Plaintiff O'Brien and it appears that copies of certain notices sent to O'Brien are attached to the Amended Complaint as Exhibit B. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning the dates on which Plaintiffs actually received such notices, and therefore denies the same. DTiQ denies the remaining allegations of paragraph 5, including Plaintiffs' characterization of the contents of those notices.

6. DTiQ denies the allegations of paragraph 6.

7. DTiQ denies the allegations of paragraph 7.

8. DTiQ denies the allegations of paragraph 8.

9. DTiQ denies the allegations of paragraph 9.

10. The Amended Complaint contains two paragraph numbered 10. DTiQ denies the allegations of both paragraphs numbered 10.

11. DTiQ denies the allegations of paragraph 11.

12. DTiQ admits only that Plaintiffs are former employees of DTiQ. DTiQ denies the remaining allegations of paragraph 12.

13. DTiQ denies the allegations of paragraph 13.

## PARTIES

14. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14, and therefore denies the same.

15. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15, and therefore denies the same.

16. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16, and therefore denies the same.

17. DTiQ admits the allegations in paragraph 17.

## JURISDICTION AND VENUE

18. The allegations contained in paragraph 18 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

19. The allegations contained in paragraph 19 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. DTiQ admits only that it maintains its principal place of business in Massachusetts and conducts business in Massachusetts. To the extent a further response is required, the remaining allegations are denied.

20. The allegations contained in paragraph 20 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. To the extent a response is required, DTiQ admits that its principal office is in this District and does not contest venue in this District for purposes of this action, and otherwise denies the remaining allegations of paragraph 20, including that any act or omission by DTiQ gives rise to any claim.

## FACTUAL ALLEGATIONS

***DTiQ***

21. DTiQ admits that it is a private company headquartered in Marlborough, Massachusetts that provides video surveillance, loss prevention, and related technology and services. DTiQ admits that it has operations in locations outside of Massachusetts. DTiQ otherwise denies the remaining allegations of paragraph 21 to the extent they inaccurately characterize DTiQ or its operations.

22. DTiQ admits only that in the ordinary course of its employment relationships, it collects and maintains certain personal information concerning current and former employees. DTiQ denies the remaining allegations of paragraph 22.

23. The allegations contained in paragraph 23 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

24. DTiQ denies the allegations of paragraph 24, except admits that it took steps to protect its current and former employees' personal information and to implement appropriate data security policies and practices.

25. DTiQ admits that paragraph 25 purports to quote portions of a DTiQ Privacy Policy. The document speaks for itself, and DTiQ denies any characterization of the document inconsistent with its full language, meaning, or context.

26. DTiQ denies the allegations of paragraph 26.

***DTiQ Fails to Safeguard Employees' PII***

27. DTiQ admits the allegations of paragraph 27.

28. DTiQ admits only that Plaintiffs provided certain personal information to DTiQ in connection with their employment DTiQ otherwise denies the allegations of paragraph 28.

29. DTiQ denies the allegations of paragraph 29.

30. The allegations contained in paragraph 30 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

31. DTiQ admits that its notice letters to potentially affected individuals state that, on January 12, 2025, DTiQ identified unusual activity in its network and immediately began an investigation, and admits that those statements are accurate. DTiQ denies the remaining allegations of paragraph 31.

32. DTiQ admits only that its investigation determined there was unauthorized access to a portion of its network between December 31, 2024 and January 12, 2025. DTiQ denies the remaining allegations of paragraph 32.

33. DTiQ denies the allegations of paragraph 33.

34. DTiQ denies the allegations of paragraph 34.

35. DTiQ admits only that it began notifying potentially affected individuals concerning the Incident on or about July 25, 2025. DTiQ denies the remaining allegations of paragraph 35.

36. DTiQ admits only that notices were sent to Plaintiffs concerning the Incident. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding the precise date on which each Plaintiff actually received such notices, and therefore denies the same.

37. DTiQ denies the allegations of paragraph 37.

38. DTiQ admits that, in response to the Incident, it notified law enforcement, conducted an investigation, changed network passwords, and reviewed its policies and procedures. DTiQ denies the remaining allegations of paragraph 38.

39. DTiQ admits that its notice encouraged recipients to remain vigilant against incidents of identity theft and fraud, including by reviewing credit reports and account statements. DTiQ denies the remaining allegations of paragraph 39.

40. DTiQ admits only that its notice letters state, in part, that the privacy and security of information in DTiQ's care is important to DTiQ. The remaining allegations contained in paragraph 40 contain legal conclusions to which no response is required. To the extent a response is required, the remaining allegations are denied.

41. DTiQ admits only that it offered eligible individuals twelve months of complimentary credit monitoring and identity protection services. DTiQ denies the remaining allegations of paragraph 41.

42. DTiQ denies the allegations of paragraph 42.

43. DTiQ admits that the Incident was reported to the Office of the Maine Attorney General as an "External system breach (hacking.)" DTiQ denies the remaining allegations of paragraph 43.

44. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44, and therefore denies the same.

45. DTiQ denies the allegations of paragraph 45.

46. DTiQ denies the allegations of paragraph 46.

47. DTiQ denies the allegations of paragraph 47.

48. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 48, and therefore denies the same.

49. DTiQ denies the allegations of paragraph 49.

***The Data Breach was a Foreseeable Risk of Which Defendant was on Notice***

50. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 50, and therefore denies the same.

51. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 51, and therefore denies the same.

52. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 52, and therefore denies the same.

53. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53, and therefore denies the same.

54. DTiQ admits only that paragraph 54 purports to quote a CISA guidance. The guidance speaks for itself. DTiQ denies the remaining allegations of paragraph 54.

55. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 55, and therefore denies the same.

56. DTiQ denies the allegations of paragraph 56.

57. DTiQ denies the allegations of paragraph 57.

58. DTiQ denies the allegations of paragraph 58.

59. DTiQ denies the allegations of paragraph 59.

***Plaintiff O'Brien's Experiences and Injuries***

60. DTiQ admits only that Plaintiff O'Brien is a former employee of DTiQ. DTiQ denies the remaining allegations of paragraph 60.

61. DTiQ admits only that Plaintiff O'Brien received a notice concerning the Incident.

62. DTiQ admits that Plaintiff O'Brien provided certain information to DTiQ in connection with his employment. DTiQ denies the remaining allegations of paragraph 62.

63. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63, and therefore denies the same.

64. DTiQ denies the allegations of paragraph 64.

65. DTiQ denies the allegations of paragraph 65.

66. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66, and therefore denies the same.

67. The allegations contained in paragraph 67 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

68. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68, and therefore denies the same.

69. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69, and therefore denies the same.

70. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70, and therefore denies the same.

71. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71, and therefore denies the same.

72. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72, and therefore denies the same.

73. DTiQ denies the allegations of paragraph 73.

74. DTiQ denies the allegations of paragraph 74, and further states that the Court dismissed Plaintiffs' request for injunctive and other equitable relief. (Order at 9–10, 21.).

***Plaintiff Morton's Experiences and Injuries***

75. DTiQ admits only that Plaintiff Morton is a former employee of DTiQ. DTiQ denies the remaining allegations of paragraph 75.

76. DTiQ admits only that Plaintiff Morton received a notice concerning the Incident.

77. DTiQ admits that Plaintiff Morton provided certain information to DTiQ in connection with her employment. DTiQ denies the remaining allegations of paragraph 77.

78. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78, and therefore denies the same.

79. DTiQ denies the allegations of paragraph 79.

80. DTiQ denies the allegations of paragraph 80.

81. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81, and therefore denies the same.

82. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations and therefore denies the same.

83. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 83, and therefore denies the same.

84. DTiQ denies the allegations in paragraph 84, and further states that the Court dismissed Plaintiff's invasion of privacy claim, including under M.G.L. c. 214, § 1B. (Order at 19–21.).

85. The allegations contained in paragraph 85contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied same.

86. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 86, and therefore denies the same.

87. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 87, and therefore denies the same.

88. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88, and therefore denies the same.

89. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 89, and therefore denies the same.

90. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90, and therefore denies the same.

91. DTiQ denies the allegations of paragraph 91.

92. DTiQ denies the allegations of paragraph 92, and further states that the Court dismissed Plaintiffs' request for injunctive and other equitable relief. (Order at 9–10, 21.).

***Plaintiff Crawley's Experiences and Injuries***

93. DTiQ admits only that Plaintiff Crawley is a former employee of DTiQ. DTiQ denies the remaining allegations of paragraph 93.

94. DTiQ admits that Plaintiff Crawley provided certain personal information to DTiQ in connection with his employment. DTiQ denies the remaining allegations of paragraph 94.

95. DTiQ admits that Plaintiff Crawley provided certain information to DTiQ in connection with his employment. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 95, and therefore denies the same.

96. DTiQ denies the allegations of paragraph 96.

97. DTiQ denies the allegations of paragraph 97.

98. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 98, and therefore denies the same.

99. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 99, and therefore denies the same.

100. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 100, and therefore denies the same.

101. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 101, and therefore denies the same.

102. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 102, and therefore denies the same.

103. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 103, and therefore denies the same.

104. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 104, and therefore denies the same.

105. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 105, and therefore denies the same.

106. The allegations contained in paragraph 106 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. DTiQ further states that the Court dismissed Plaintiffs' invasion of privacy claim, including under M.G.L. c. 214, § 1B. (Order at 19–21.).

107. The allegations contained in paragraph 107 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

108. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 108, and therefore denies the same.

109. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 109, and therefore denies the same.

110. DTiQ denies the allegations of paragraph 110.

111. DTiQ denies the allegations of paragraph 111, and further states that the Court dismissed Plaintiffs' request for injunctive and other equitable relief. (Order at 9–10, 21.).

***Plaintiffs and the Proposed Class Face Significant Risk of Continued Identity Theft***

112. DTiQ denies the allegations of paragraph 112.

113. DTiQ denies the allegations of paragraph 113, including subparagraphs (a) through (h).

114. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 114, and therefore denies the same.

115. DTiQ denies the allegations of paragraph 115.

116. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 116, and therefore denies the same.

117. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 117, and therefore denies the same.

118. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 118, and therefore denies the same.

119. DTiQ denies the allegations of paragraph 119.

120. DTiQ denies the allegations of paragraph 120.

121. DTiQ denies the allegations of paragraph 121.

***Consumers Prioritize Data Security***

122. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 122, and therefore denies the same.

123. The allegations contained in paragraph 123 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

***Defendant Failed to Follow FTC Guidelines***

124. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 124, and therefore denies the same.

125. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 125, and therefore denies the same.

126. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 126, and therefore denies the same.

127. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 127, and therefore denies the same.

128. The allegations contained in paragraph 128 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

129. The allegations contained in paragraph 129 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. DTiQ further states that Section 5 of the FTC Act provides no private right of action and that the Court dismissed Plaintiffs' negligence per se claim premised on it. (Order at 13–14.)

***Defendant Failed to Follow Industry Standards***

130. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 130, and therefore denies the same.

131. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 131, and therefore denies the same.

132. DTiQ denies the allegations of paragraph 132.

133. DTiQ denies the allegations of paragraph 133.

**CLASS ACTION ALLEGATIONS**

187. DTiQ admits that Plaintiffs purport to bring this action under Rules 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, and denies that this action may be maintained as a class action under any of those provisions. DTiQ further states that the Court dismissed Plaintiffs' request for equitable relief (Order at 9–10, 21), which forecloses certification of any class under Rule 23(b)(2).

188. DTiQ admits only that Plaintiffs purport to bring this action on behalf of the proposed class identified in paragraph 188. DTiQ denies the remaining allegations in paragraph 188.

189. DTiQ admits only that paragraph 189 purports to identify persons and entities excluded from Plaintiffs' proposed class. DTiQ denies the remaining allegations in paragraph 189.

190. DTiQ admits only that Plaintiffs purport to reserve the right to amend their proposed class definition. DTiQ denies the remaining allegations of paragraph 190.

191. The allegations contained in paragraph 191 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

192. The allegations contained in paragraph 192 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

193. The allegations contained in paragraph 193 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

194. The allegations contained in paragraph 194 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

195. The allegations contained in paragraph 195 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

196. The allegations contained in paragraph 196, including subparagraphs (a) through (i), contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. DTiQ further states that subparagraph (d) concerns a claim the Court has dismissed, and that subparagraph (i) concerns injunctive relief the Court has dismissed and treble damages that no remaining claim authorizes. (Order at 14–17, 21.)

197. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegation in paragraph 197, and therefore denies the same.

198. The allegations contained in paragraph 198 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## FIRST CLAIM FOR RELIEF

### Negligence

199. DTiQ incorporates its responses to the preceding paragraphs as though fully set forth herein.

200. DTiQ denies the allegations of paragraph 200.

201. The allegations contained in paragraph 201 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

202. DTiQ denies information or knowledge sufficient to form a belief as to the truth or falsity of the allegation in paragraph 202, and therefore denies the same.

203. DTiQ denies the allegations of paragraph 203.

204. The allegations contained in paragraph 204 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

205. DTiQ admits that it obtained certain personal information from Plaintiffs in connection with their employment and denies the remaining allegations of paragraph 205.

206. The allegations contained in paragraph 206 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

207. The allegations contained in paragraph 207 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

208. The allegations contained in paragraph 208 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

209. The allegations contained in paragraph 209 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

210. The allegations contained in paragraph 210 contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

211. DTiQ denies the allegations of paragraph 211.

212. DTiQ denies the allegations of paragraph 212.

213. DTiQ denies the allegations of paragraph 213.

214. DTiQ denies the allegations of paragraph 214, including subparagraphs (a) and (b).

215. DTiQ denies the allegations of paragraph 215.

216. DTiQ denies the allegations of paragraph 216.

217. DTiQ denies the allegations of paragraph 217.

218. DTiQ denies the allegations of paragraph 218.

219. DTiQ denies the allegations of paragraph 219.

## SECOND CLAIM FOR RELIEF
**Negligence *Per Se***

Plaintiffs' Second Claim for Relief for negligence per se was dismissed pursuant to the Court's September 21, 2026 Memorandum and Order. (Order at 13–14.).

220. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 220.

221. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 221.

222. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 222.

223. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 223.

224. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 224.

225. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 225.

226. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 226.

227. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 227.

228. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 228.

229. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 229.

230. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 230.

231. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 231.

232. No response is required because Plaintiffs' Second Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 232.

**THIRD CLAIM FOR RELIEF**
**Breach of Implied Contract**

Plaintiffs' Third Claim for Relief for breach of implied contract was dismissed pursuant to the Court's September 21, 2026 Memorandum and Order. (Order at 14–17.).

187. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 187 of the Third Claim for Relief.

188. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 188 of the Third Claim for Relief.

189. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 189 of the Third Claim for Relief.

190. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 190 of the Third Claim for Relief.

191. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 191 of the Third Claim for Relief.

192. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 192 of the Third Claim for Relief.

193. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 193 of the Third Claim for Relief.

194. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 194 of the Third Claim for Relief.

195. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 195 of the Third Claim for Relief.

196. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 196 of the Third Claim for Relief.

197. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 197 of the Third Claim for Relief.

198. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 198 of the Third Claim for Relief.

199. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 199 of the Third Claim for Relief.

200. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 200 of the Third Claim for Relief.

201. No response is required because Plaintiffs' Third Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 201 of the Third Claim for Relief.

## FOURTH CLAIM FOR RELIEF
**Unjust Enrichment**

202. DTiQ incorporates its responses to the preceding paragraphs as though fully set forth herein.

203. The allegations contained in paragraph 203 of the Fourth Claim for Relief contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

204. DTiQ admits that Plaintiffs performed services for DTiQ during their employment and states that DTiQ paid Plaintiffs the compensation agreed upon for those services. DTiQ denies the remaining allegations of paragraph 204 of the Fourth Claim for Relief.

205. The allegations contained in paragraph 205 of the Fourth Claim for Relief contain legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

206. DTiQ denies the allegations of paragraph 206 of the Fourth Claim for Relief, and further states that the Court dismissed Plaintiffs' request for equitable relief (Order at 21.

**FIFTH CLAIM FOR RELIEF**
**Invasion of Privacy**

Plaintiffs' Fifth Claim for Relief for invasion of privacy, including any claim under M.G.L. c. 214, § 1B, was dismissed pursuant to the Court's September 21, 2026 Memorandum and Order. (Order at 19–21.).

207. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 207 of the Fifth Claim for Relief.

208. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 208 of the Fifth Claim for Relief.

209. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 209 of the Fifth Claim for Relief.

210. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 210 of the Fifth Claim for Relief.

211. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 211 of the Fifth Claim for Relief.

212. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 212 of the Fifth Claim for Relief.

213. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 213 of the Fifth Claim for Relief.

214. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 214 of the Fifth Claim for Relief.

215. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 215 of the Fifth Claim for Relief.

216. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 216 of the Fifth Claim for Relief.

217. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 217 of the Fifth Claim for Relief.

218. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 218 of the Fifth Claim for Relief.

219. No response is required because Plaintiffs' Fifth Claim for Relief has been dismissed. To the extent a response is required, DTiQ denies the allegations of paragraph 219 of the Fifth Claim for Relief.

## PRAYER FOR RELIEF

DTiQ denies that Plaintiffs or any putative class member are entitled to any of the relief requested in the Prayer for Relief including subparagraphs A through J, and specifically denies that exemplary, punitive, or statutory damages are available on any claim remaining in this action.

DTiQ further states that Plaintiffs' requests for equitable relief were dismissed pursuant to the Court's September 21, 2026 Memorandum and Order, including the declaratory and injunctive relief requested in subparagraphs B through D of the Prayer for Relief. (Order at 9–10, 21.).

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
### (No Standing)

Plaintiffs lack Article III standing to pursue this action and the Court therefore lacks subject matter jurisdiction over it.

### SECOND DEFENSE
### (Failure to State a Claim)

The Complaint, and each and every cause of action alleged therein, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE
### (Economic Loss Doctrine)

Plaintiffs' negligence claim is barred, in whole or in part, by the economic loss doctrine.

**FOURTH DEFENSE**
**(Emotional Distress)**

Plaintiffs may not recover damages for emotional distress unless each establishes physical harm manifested by objective symptomatology and corroborated by objective evidence, and that a reasonable person would have suffered emotional distress under the same circumstances. Alleged stress, fear, frustration, worry, and inconvenience, without more, do not satisfy that standard.

**FIFTH DEFENSE**
**(Laches)**

Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of laches.

**SIXTH DEFENSE**
**(Intervening or Superseding Causes; Acts of Third Parties)**

Plaintiffs' damages, if any, were proximately caused by independent, intervening, and superseding causes for which DTiQ is not responsible, including the criminal acts of the unauthorized third party or parties who carried out the Incident, the criminal acts of any person who misused Plaintiffs' information, and the exposure of Plaintiffs' information through other data security incidents or sources unrelated to DTiQ. Any recovery against DTiQ must be reduced or denied accordingly.

**SEVENTH DEFENSE**
**(Unavailable Damages)**

All or part of the damages and relief sought by Plaintiffs are unavailable as a matter of law including exemplary and punitive damages, which Massachusetts law permits only when authorized by statute; statutory damages; damages for loss of the benefit of any bargain, including under the dismissed implied contract claim; damages for alleged diminution in the value of personal information; and equitable relief, including disgorgement, which the Court has dismissed.

**EIGHTH DEFENSE**
**(Failure to Mitigate Damages)**

Plaintiffs' claims are barred, or their recovery must be reduced, to the extent Plaintiffs failed to make reasonable efforts to mitigate their damages.

**NINTH DEFENSE**
**(No Damages)**

Plaintiffs and the putative class members' damages or losses, if any, are speculative and/or uncertain, and therefore, not compensable.

**TENTH DEFENSE**
**(Comparative Negligence)**

Any recovery by Plaintiffs is barred or must be reduced to the extent their own negligence caused or contributed to their alleged injuries, including by failing to safeguard their own personal information or account credentials, by disclosing information in response to phishing or scam communications, or by failing to take the protective measures recommended in DTiQ's notice letters..

**ELEVENTH DEFENSE**
**(Compliance with Statutes, Government Regulations, and Industry Standards)**

All conduct and activities of DTiQ alleged in the Complaint conformed to the statutes, government regulations and industry standards based upon the state of knowledge that existed at the time(s) alleged in the Complaint.

**TWELFTH DEFENSE**
**(Unclean Hands)**

Plaintiffs' Complaint is barred by the doctrine of unclean hands.

**THIRTEENTH DEFENSE**
**(Adequate Legal Remedy)**

Plaintiffs' unjust enrichment claim, and any claim for equitable relief is barred because Plaintiffs have an adequate legal remedy at law, including their negligence claim for damages arising from the same alleged conduct. The availability of an adequate remedy at law, whether or not Plaintiffs ultimately prevail on it, precludes recovery for unjust enrichment.

**FOURTEENTH DEFENSE**
**(Express Contract)**

Plaintiffs' unjust enrichment claim is barred to the extent its subject matter, including the compensation Plaintiffs received for the services they performed, was governed by express agreements between DTiQ and Plaintiffs.

**FIFTEENTH DEFENSE**
**(Failure to Joint Necessary Parties)**

Plaintiffs and/or putative class members have failed to join all parties required for the Court to award complete relief.

**SIXTEENTH DEFENSE**
**(Consent/Ratification)**

The alleged conduct complained of in the Complaint was approved, consented to, authorized and/or ratified by Plaintiffs by their actions, omissions, and course of conduct, in that they were knowledgeable regarding DTiQ's business practices referenced in the Complaint.

**SEVENTEENTH DEFENSE**
**(Waiver)**

Plaintiffs were knowledgeable of the facts and allegations set out in the Complaint as to DTiQ and alleged acts or omissions. The Complaint and the causes of action alleged therein are therefore barred by the doctrine of waiver.

**EIGHTEENTH DEFENSE**
**(Estoppel)**

Plaintiffs' claims are barred by the equitable doctrine of estoppel.

**NINETEENTH DEFENSE**
**(Choice of Law)**

The claims of putative class members who resided or worked outside Massachusetts may be governed by the laws of other jurisdictions, which differ materially from Massachusetts law and from one another, precluding class treatment.

**TWENTIETH DEFENSE**
**(Set Off)**

Any recovery must be reduced by the value of the complimentary credit monitoring and identity protection services DTiQ offered to Plaintiffs, by any other payment or benefit provided by or on behalf of DTiQ for the same alleged injuries, and, by any amount paid by any other person or entity liable for the same alleged injuries.

**RESERVATION OF RIGHTS**

DTiQ reserves the right to seek leave to amend this Answer to assert additional defenses as additional information becomes available to it during the course of discovery.

**DTIQ'S PRAYER FOR RELIEF**

WHEREFORE, having fully answered the allegations in Plaintiffs' Complaint, DTiQ hereby respectfully requests that:

1. Plaintiffs recover nothing in this matter;
2. Plaintiffs not be awarded any form of legal or equitable relief;
3. The Court dismiss this action with prejudice;
4. The Court deny certification of any class and enter judgment for DTiQ and against Plaintiffs on all counts of the Complaint; and
5. The Court award DTiQ its costs and such other relief as is just and proper.

Dated: October 5, 2026

Respectfully submitted,

*/s/ Christopher R. Deubert*

Christopher R. Deubert (BBO# 569124)
*cdeubert@constangy.com*
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
800 Boylston St., Suite 1005
Boston, MA 02199
Telephone: 617.849.7880

*Counsel for Defendant DTiQ Technologies, Inc.*

**CERTIFICATE OF SERVICE**

I, Christopher R. Deubert, hereby certify that on October 5, 2026, a true and correct copy of the foregoing document was electronically filed using the Court's CM/ECF system and served upon counsel of record through the same.

*/s/ Christopher R. Deubert*
Christopher R. Deubert, Esq.